

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

AARON H. MARKS
212-506-1721
AMARKS@KASOWITZ.COM

ATLANTA
HOUSTON
MIAMI
NEWARK
SAN FRANCISCO

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 8/22/11

August 19, 2011

**MEMO ENDORSED** 8/22/11

By Hand

Honorable Andrew J. Peck
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
Courtroom 20D
New York, New York 10007

Re: *Emmet & Co., Inc., et al. v. Catholic Health East, et al.*,
No. 11 Civ. 3272 (RMB) (AJP)

Dear Judge Peck:

[Handwritten endorsement: The Court will address scheduling on/after the filing of any motion (and responses thereto). However, the schedule adopted is effective - stays in effect until amended and/or upon motion by the parties.

SO ORDERED.
Hon. Andrew Jay Peck
United States Magistrate Judge]

We represent Emmet & Co., Inc ("Emmet & Co.") and First Manhattan Co. ("FMC" and collectively, "Plaintiffs"), plaintiffs in the above referenced action. Pursuant to Your Honor's July 7, 2011 Scheduling Order, Plaintiffs filed a First Amended Complaint on July 27, 2011, and that complaint was served on defendants on July 28, 2011. We now write to inform the Court regarding Plaintiffs' intent to file dispositive motions in this case.

As an initial matter, Plaintiffs have been informed by counsel for defendant Merrill Lynch & Co., Inc. ("ML") that Plaintiffs' First Amended Complaint, which asserts a claim for tortious interference against ML, should have instead asserted such a claim against Merrill Lynch, Pierce, Fenner & Smith Inc. ("MLPFS"). Plaintiffs intend to move the Court for leave to file a Second Amended Complaint, naming MLPFS as a defendant in place of ML. However, we understand that MLPFS is a Delaware corporation with its principal place of business in New York, and that, because plaintiff FMC is a New York partnership, joinder of MLPFS as a defendant would deprive the Court of diversity jurisdiction over this action. Therefore, in connection with the motion for leave to amend their complaint, Plaintiffs intend to move the Court to remand this action to the Supreme Court for the State of New York pursuant to 28 U.S.C. § 1447(e).

Based on initial conversations with counsel for ML, we anticipate that MLPFS and/or ML will oppose Plaintiffs' motion on various grounds -- including that the amendment substituting MLPFS as a defendant would be futile because Plaintiffs' complaint, as amended,

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

Hon. Andrew J. Peck
August 19, 2011
Page 2

would fail to state a claim against MLPFS pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs believe these arguments to be without merit.

We further intend to move on behalf of Plaintiffs for summary judgment as to liability on Plaintiffs' breach of contract claim against defendant Catholic Health East ("CHE"). Plaintiffs' position is that CHE's conduct -- improperly redeeming Plaintiffs' bonds -- indisputably breached the governing Indentures, and that the only determination that should remain for the Court is damages.[1] We also understand that CHE intends to move to dismiss this claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The parties have stipulated that Defendants' time to respond to the First Amended Complaint shall be extended to September 2, 2011, and, on or before that date, in accordance with Rule 2A of Judge Berman's Individual Practices, Plaintiffs intend to send a letter to the Court requesting a pre-motion conference prior to moving for leave to file a Second Amended Complaint and for summary judgment as to liability on Plaintiffs' breach of contract claim against CHE. Plaintiffs will seek a briefing schedule pursuant to which Plaintiffs will have 20 days after the pre-motion conference within which to bring the motion for leave to file a Second Amended Complaint; Defendants will have 30 days within which to file their opposition brief(s); and Plaintiffs' reply will be due 20 days thereafter. We will further propose that Plaintiffs' motion for summary judgment on the breach of contract claim and CHE's motion to dismiss should be deferred until after the Court decides whether to allow joinder of MLPFS (and thus remand the entire case to state court), or alternatively, that Plaintiffs' motion for summary judgment and CHE's motion be briefed on the same schedule as Plaintiffs' motion to amend.

Please let us know if you have any questions.

Respectfully Submitted,

Aaron H. Marks

cc:   Richard Schwed, Esq. (via e-mail)
      Luke A. Connelly, Esq. (via e-mail)

---

[1] Because the Indentures are unambiguous, no extraneous evidence is required to prove CHE's liability under the Indentures, and pre-discovery summary judgment is appropriate. *See Marathon Projects Ltd. v. Creative Designs Int'l, Ltd.*, No. 10 CV 2396 (RPP), 2011 U.S. Dist. LEXIS 27079, *11 (S.D.N.Y. Mar. 16, 2011) ("Where the contract is unambiguous on its face, it should be construed as a matter of law and summary judgment is appropriate."); *Feifer v. Prudential Ins. Co. of Am.*, 306 F.3d 1202, 1210 (2d Cir. 2002) ("It is axiomatic that where the language of a contract is unambiguous, the parties' intent is determined within the four corners of the contract, without reference to external evidence.").

# ECF TRANSCRIPTION SHEET



**ANDREW J. PECK**
**UNITED STATES MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:   (212) 805-7933
Telephone No.: (212) 805-0036

**Dated:  August 22, 2011**                          **Total Number of Pages:  3**

## TRANSCRIPTION OF MEMO ENDORSED ORDER

The Court will address motion scheduling only after Judge Berman has approved the filing of any motions (unless Judge Berman sets the motion schedule). However, the scheduling order re completion of discovery, etc. remains in effect unless stayed by the Court, and so far no stay has been requested or granted.

Copies **by ECF** to:  All Counsel
                Judge Richard M. Berman