KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

AARON H. MARKS
212-506-1721
AMARKS@KASOWITZ.COM

ATLANTA
HOUSTON
MIAMI
NEWARK
SAN FRANCISCO

August 31, 2011

**MEMO ENDORSED**

\p. 3



By Hand

Hon. Richard M. Berman
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
Courtroom 21B
New York, New York 10007

Re: *Emmet & Co., Inc., et al., v. Catholic Health East, et al.,*
No. 11-Civ.-3272 (RMB) (AJP)

Dear Judge Berman:

    We represent plaintiffs Emmet & Co., Inc. ("Emmet & Co.") and First Manhattan Co. ("FMC") in the above-referenced case. We write pursuant to Rule 2A of Your Honor's Individual Practices to request a pre-motion conference to discuss Plaintiffs' proposed motions (i) for leave to amend Plaintiffs' First Amended Complaint ("FAC") to assert claims against Merrill Lynch, Pierce, Fenner & Smith Inc. ("MLPFS") in place of defendant Merrill Lynch & Co., Inc. ("ML"), and thereafter to remand this action pursuant to 28 U.S.C. § 1447(e); and (ii) should this Court deny the motion to amend, for summary judgment as to defendant Catholic Health East's ("CHE") liability on Plaintiffs' claim for breach of contract.

    Plaintiffs are former holders of certain bonds ("Bonds") that were improperly redeemed at par value by defendant CHE in violation of the governing bond indentures ("Indentures") on May 18, 2011. Plaintiffs commenced this action against CHE and the Bonds' Indenture Trustee

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

Hon. Richard M. Berman
August 31, 2011
Page 2

in the Supreme Court of the State of New York, New York County, on May 13, 2011, and moved for a temporary restraining order prohibiting the Defendants from redeeming Plaintiffs' Bonds. On May 16, 2011, CHE removed the case to this Court, which denied Plaintiffs' request for injunctive relief on May 18, 2011.

Pursuant to the Scheduling Order entered by Magistrate Judge Peck (DE # 20), Plaintiffs filed the FAC on July 27, 2011, which they served on Defendants the next day. The FAC names CHE and ML as defendants; asserts claims for breach of contract and breach of the duty of good faith and fair dealing (against CHE), and tortious interference with contract (against ML); and seeks compensatory and punitive damages. The parties have entered into a Stipulation (so-ordered by the Court on August 18, 2011) extending the Defendants' time to respond to the FAC until September 2, 2011.

Shortly after filing and serving the FAC, Plaintiffs were informed by counsel for defendant ML that ML is merely a holding company, and that MLPFS is the proper defendant in this action. Plaintiffs intend to file a motion (the "Motion to Amend") seeking leave to file a Second Amended Complaint, naming MLPFS as a defendant in place of ML. However, we understand that MLPFS is a Delaware corporation with its principal place of business in New York, and that, because plaintiff FMC is a New York partnership, joinder of MLPFS as a defendant would deprive the Court of diversity jurisdiction over this action. Therefore, Plaintiffs intend to move the Court to remand this action pursuant to 28 U.S.C. § 1447(e).[1]

---

[1] Where a plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction after removal, Section 1447(e) allows District Courts to permit joinder and remand the action to state court. *See* 28 U.S.C. § 1447(e). Before permitting joinder in these circumstances, courts in this circuit generally require only that (a) joinder is permissible under FRCP 20, and (b) joinder comports with fundamental fairness. *See Dieng v. Smith & Nephew Dyonics, Inc.*, No. 02 CV 8201 (RCC), 2003 U.S. Dist. LEXIS 17087, at *4 (S.D.N.Y. 2003). Here, Plaintiffs' claims against MLPFS and CHE arise out of the same transaction (the improper redemption

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

Hon. Richard M. Berman
August 31, 2011
Page 3

      If the Court denies Plaintiffs' Motion to Amend, Plaintiffs intend to move for pre-discovery summary judgment as to liability on their breach of contract claim against CHE. Plaintiffs' position is that CHE's conduct -- improperly redeeming Plaintiffs' bonds -- indisputably breached the governing Indentures, and that the only determination that should remain for the Court is damages.[2]

      Plaintiffs propose the following briefing schedule:

- Plaintiffs will have 20 days after the pre-motion conference within which to bring the Motion to Amend, Defendants will have 30 days within which to file their opposition brief(s), and Plaintiffs' reply will be due 20 days thereafter; and

- Plaintiffs' motion for summary judgment on the breach of contract claim, and any motion to dismiss by CHE, will be deferred until after the Court decides whether to allow joinder of MLPFS (and thus remand the entire case to state court), or alternatively, Plaintiffs' motion for summary judgment and CHE's motion will be briefed on the same schedule as Plaintiffs' motion to amend.

*  *  *

We are not available for a conference on September 7 and 15, 2011.

Respectfully,

Aaron H. Marks / LOS

[Handwritten annotation: "We can discuss at the conference on 9/20/11. Defendants may respond to this letter by 9/12/11."]

SO ORDERED:
Date: 9/1/11
Richard M. Berman, U.S.D.J.

cc:   Hon. Andrew J. Peck (by hand)
      Richard Schwed, Esq. (by email)
      Luke A. Connelly, Esq. (by email)

---

of Plaintiffs' Bonds), and there exist numerous common questions of law. *See* FRCP 20(a). Moreover, joinder would satisfy the requirements of fundamental fairness: (i) Plaintiffs have not delayed in moving to join MLPFS; (ii) as this case is in the preliminary stages, Defendants will not be prejudiced; (iii) denial of joinder will lead to multiple litigation and the threat of inconsistent judgments; and (iv) Plaintiffs' motive in seeking joinder is not improper. *See Dieng*, 2003 U.S. Dist LEXIS 17087, at *6 (describing requirements of fundamental fairness).

[2]   Because the Indentures are unambiguous, no extraneous evidence is required to prove CHE's liability thereunder, and pre-discovery summary judgment is appropriate. *See Marathon Projects Ltd. v. Creative Designs Int'l, Ltd.*, No. 10 CV 2396 (RPP), 2011 U.S. Dist. LEXIS 27079, *11 (S.D.N.Y. Mar. 16, 2011).