

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/6/11

SHEARMAN & STERLING LLP

599 LEXINGTON AVENUE | NEW YORK | NY | 10022-6069
WWW.SHEARMAN.COM | T +1.212.848.4000 | F +1.212.848.7179



CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

rschwed@shearman.com
212-848-5445

September 2, 2011

**BY HAND**
Honorable Richard M. Berman
United States Courthouse
500 Pearl Street, Room 21B
New York, New York 10007

**MEMO ENDORSED** p.3

Emmet & Co., Inc. and First Manhattan Co. v. Catholic Health East and Merrill Lynch & Co., Inc.
No. 11-Civ.-3272 (RMB) (AJP)

Dear Judge Berman:

We represent defendant Catholic Health East ("CHE"). In accordance with Rule 2.A of the Court's Individual Rules, we write to request a pre-motion conference in advance of CHE's expected motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

**Background**

Plaintiffs Emmet & Co. ("Emmet") and First Manhattan Co. ("FMC") brought this action to challenge CHE's exercise of its right to redeem "callable" bonds. The indentures governing the bonds at issue (the "Indentures") expressly allowed CHE, at its sole discretion, to redeem the bonds for par value. CHE exercised that right as part of a transaction (the "Transaction") whereby bondholders were given the option of tendering their bonds for a price of 101 or having their bonds redeemed for par value (100). Plaintiffs acknowledge that CHE had the right to redeem the bonds but nonetheless claim that CHE breached the Indentures because CHE did not redeem the bonds it obtained in the tender offer (by purchasing its own bonds from itself).

ABU DHABI | BEIJING | BRUSSELS | DÜSSELDORF | FRANKFURT | HONG KONG | LONDON | MILAN | MUNICH | NEW YORK
PALO ALTO | PARIS | ROME | SAN FRANCISCO | SÃO PAULO | SHANGHAI | SINGAPORE | TOKYO | TORONTO | WASHINGTON, DC

SHEARMAN & STERLING LLP IS A LIMITED LIABILITY PARTNERSHIP ORGANIZED IN THE UNITED STATES UNDER THE LAWS OF THE STATE OF DELAWARE, WHICH LAWS LIMIT THE PERSONAL LIABILITY OF PARTNERS.

NYDOCS04/536340.5

Hon. Richard M. Berman  September 2, 2011
Page 2

On May 13, 2011, Emmet commenced this action in New York state court. After CHE removed the action, on May 18, 2011, this Court denied Emmet's requests for a TRO and preliminary injunction because Emmet failed to establish irreparable harm and the Court was "not persuaded that [Emmet] ha[d] demonstrated probability of success on the merits of its underlying breach of contract claims." The Transaction was consummated the same day. On July 27, 2011, Emmet filed a first amended complaint, adding FMC (a non-bondholder purportedly suing on behalf of as yet unidentified clients) as a plaintiff and Merrill Lynch & Co., Inc. as a defendant. Emmet has recently informed the parties and the Court that it will seek leave to file a second amended complaint.

### Grounds for CHE's Proposed Motion to Dismiss

*First*, plaintiffs lack standing. Each of the Indentures contains a "no action" clause that requires bondholders to satisfy certain conditions in order to bring suit: (i) notice to the trustee of an event of default; (ii) written request of the trustee to institute suit made by owners of at least 25% of the outstanding principal amount of the bonds; (iii) an offer of security and indemnity to the trustee; and (iv) refusal or neglect by the trustee to comply with the request. Plaintiffs have not satisfied any of these conditions, and the complaint should be dismissed on this basis alone. *See, e.g., Teachers Insurance and Annuity Assoc. of America v. Crimi Mae Services Ltd. Partnership*, 681 F. Supp. 2d 501, 509 (S.D.N.Y. 2010) ("Satisfaction of [the no-action clause] … was required prior to the commencement of this action."); *Victor v. Riklis*, 1992 WL 122911, at *6 (S.D.N.Y. May 15, 1992) (same).

*Second*, the Transaction was permitted by the terms of the Indenture. Plaintiffs concede that the Indentures expressly permit CHE to redeem the bonds for par value. And Plaintiffs do not and cannot point to any provision that prohibits coupling a tender offer with the redemption of all bonds not tendered. Because "the challenged transaction does not violate any express term of the indenture, or prevent the bondholder from obtaining the benefit of an express indenture term, a bondholder may not challenge an action by the corporation on the basis of breach of the indenture contract." *Geren v. Quantum Chemical Corp.*, 832 F. Supp. 728, 732 (S.D.N.Y. 1993). Moreover, Plaintiffs' reliance on the "by lot" provision of the Indentures is misplaced because that provision does not require CHE to redeem bonds it obtained in the tender. In any event, the complaint itself states the purpose of "by lot" provisions is to treat all bondholders equally. *See* Compl. ¶ 5. This, in fact, happened, as CHE offered every bondholder – including Plaintiffs – the same opportunity to receive a 1% premium for their bonds or to redeem their bonds for par.[1]

Accordingly, CHE respectfully requests a pre-motion conference so that CHE may file a motion to dismiss the complaint pursuant to Rule 12(b)(6).

Respectfully submitted,

*/s/ Richard F. Schwed / KJS*

Richard F. Schwed

cc: Hon. Andrew J. Peck (by hand)
Aaron H. Marks, Esq. (via email)
Luke A. Connelly, Esq. (via email)

> We can discuss at the 9/20/11 conference.
>
> SO ORDERED:
> Date: 9/6/11
> Richard M. Berman, U.S.D.J.

---

[1] Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing must be dismissed for all the same reasons and because it is improperly duplicative of the breach of contract claim. *See Peabody v. Weider Publications, Inc.*, 260 Fed. Appx. 380, 383 (2d Cir. 2008) (affirming dismissal of good faith and fair dealing claim as duplicative of breach of contract claim).