

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____ 9/6/11
DATE FILED: _____

# WINSTON & STRAWN LLP

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

+1 (212) 294-6700

FACSIMILE +1 (212) 294-4700

www.winston.com

BEIJING
CHARLOTTE
CHICAGO
GENEVA
HONG KONG
LONDON
LOS ANGELES

MOSCOW
NEW YORK
NEWARK
PARIS
SAN FRANCISCO
SHANGHAI
WASHINGTON, D.C.

September 2, 2011 **MEMO ENDORSED** ~ p. 4

LUKE A. CONNELLY, ESQ.
212-294-6882
lconnelly@winston.com

**BY HAND**

The Honorable Richard M. Berman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street – Courtroom 21B
New York, New York 10007-1312



RECEIVED
SEP 02 2011
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

Re:     **Emmet & Co., Inc. v. Catholic Health East (11 Civ. 3272) (RMB)(AJP)**

Dear Judge Berman:

This firm represents Defendant Merrill Lynch & Co., Inc. ("Merrill").[1]   We write respectfully to request a pre-motion conference pursuant to this Court's Individual Practice Rule 2.A. to seek leave to move to dismiss the First Amended Complaint ("FAC") as against Merrill.

As this Court is aware, plaintiff Emmet & Co., Inc. moved this Court on or about May 17, 2011 to enjoin the redemption of certain Bonds subject to redemption, in whole or in part, at any time prior to maturity.[2]   Plaintiffs allege that because this redemption was coupled with a

---

[1]     Merrill has informed Plaintiffs that they have named the incorrect corporate entity in the FAC. The entity to which the conduct in the FAC is attributed is Merrill Lynch, Pierce, Fenner, Smith, Inc., a Delaware corporation with its principal place of business in New York. Had Plaintiffs named the correct entity, the parties herein would not be diverse, and this Court would cease to have subject matter jurisdiction of this action.

[2]     Because of space limitations, this letter will assume the Court's familiarity with the underlying facts and procedural history including the Decision and Order denying Plaintiff's requested injunction.

**WINSTON & STRAWN** LLP

Hon. Richard M. Berman
September 2, 2011
Page 2

tender offer for the same Bonds that would pay 101% of par plus accrued interest, this procedure breached the Indentures governing the Bonds (the "Indentures"). Specifically, Plaintiffs claim that this was a partial redemption which was required by the Indentures to be conducted by lot.

Plaintiffs' claim that Merrill tortiously interfered with the Indentures must allege: (1) a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of the contract; (3) the defendant's intentional and improper procuring of a breach; (4) "but for" causation; and (5) damages. White Plains Coat & Apron Co., Inc. v. Cintas Corp., 8 N.Y.3d 422, 426 (2007); Sharma v. Skaarup Ship Management Corp., 916 F.2d 820, 828 (2d Cir. 1990).[3] Because Plaintiffs have not and cannot allege the final three of these essential elements, the FAC should be dismissed as against Merrill.

The Indentures permitted a full redemption coupled with a tender offer and Defendant's bond counsel's opinion letter confirmed that this procedure was permitted by the applicable agreements. The FAC fails to cite any provision of any agreement which prohibits this procedure and Plaintiffs have been aware of this issue since at least their unsuccessful application for an injunction. Consequently, because there was no breach of contract, Merrill cannot be liable for tortious interference with contract. See White Plains Coat, 8 N.Y.3d at 426.

In addition, each Indenture contains a "no action" provision which prohibits lawsuits by bondholders unless (among other things) the bondholders of twenty-five percent of the outstanding principal request the trustee to institute suit and the trustee refuses. Plaintiffs have failed to allege compliance with these procedural prerequisites to suit, which is fatal to their

---

[3]     The Indentures are governed by Pennsylvania, Georgia, and Florida law. For the sake of brevity and simplicity, this letter will not address the conflicts of laws issues and New York law will be cited herein throughout.

WINSTON & STRAWN LLP

Hon. Richard M. Berman
September 2, 2011
Page 3

claim against Merrill.  See RJ Capital, S.A. v. Lexington Cap. Funding III, Ltd., No. 10 Civ. 25,

2011 WL 3251554 at *5-8 (S.D.N.Y. July 28, 2011).

        To be actionable, an interference with contract "must be intentional, not merely negligent

or incidental to some other, lawful, purpose." Alvord and Swift v. Stewart M. Muller Const. Co.,

Inc., 46 N.Y.2d 276, 281 (1978).  The opinion letter confirms that the redemption was proper.

Therefore, any breach of the Indentures was, at most, negligent, and Merrill cannot be liable for

tortious interference with contract.  Moreover, Plaintiffs do not allege Merrill's conduct was the

"but for" cause of the breach, which also warrants dismissal. See Sharma, 916 F.2d at 828.

        To be recoverable "damages may not be merely speculative, possible or imaginary, but

must be reasonably certain and directly traceable to the breach, not remote or the result of other

intervening causes, . . . [and] there must be a showing that the particular damages were fairly

within the contemplation of the parties to the contract at the time it was made." Randolph

Equities, LLC v. Carbon Capital, Inc., 648 F. Supp. 2d 507, 520 (S.D.N.Y. 2009) (citations

omitted).  Because the Bonds could be redeemed at any time, the parties to the Indentures did not

contemplate any right of the bondholders to profits of any particular duration, therefore they

were not damaged by the redemption coupled with a tender.  Consequently, Plaintiffs' alleged

damages are not recoverable.

        For the foregoing reasons, Merrill respectfully requests a pre-motion conference so it

may seek leave to move to dismiss the FAC as against Merrill in its entirety and with prejudice.

                                        Respectfully Submitted,

                                        Luke A. Connelly

**WINSTON & STRAWN** LLP

Hon. Richard M. Berman
September 2, 2011
Page 4


cc:        Hon. Andrew J. Peck (By Hand)
              Aaron H. Marks, Esq. (by Email)
              Richard F. Schwed, Esq. (by Email)

We can discuss at the 9/20/11 conference.

SO ORDERED:
Date: 9/6/11

Richard M. Berman, U.S.D.J.